IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES TALBERT** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **KEEFE GROUP** | : | NO. 16-5543 |

FILED
JAN 12 2017
LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

## ORDER

AND NOW, this 12th day of January, 2017, upon review of plaintiff's motion to proceed *in forma pauperis* (ECF No. 5) and *pro se* complaint, it is ORDERED that:

1.  Leave to proceed *in forma pauperis* is GRANTED pursuant to 28 U.S.C. § 1915.

2.  The complaint is DISMISSED without prejudice for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3). The Court understands plaintiff to be claiming that Keefe Group violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law by overcharging prisoners in Philadelphia for commissary purchases and charging them a $1.00 fee to access the commissary vendor.[1] The only possible basis for this Court's jurisdiction is 28 U.S.C. § 1332(a). That provision grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

The complaint fails to establish that the parties in this case are citizens of different states for purposes of § 1332. An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has

---

[1] There is no apparent basis for a plausible federal claim from the complaint.

ENTERED

JAN 13 2017

CLERK OF COURT

its principal place of business." *See* 28 U.S.C. § 1332(c)(1). Here, the complaint alleges that plaintiff resides in Pennsylvania and that Keefe Group is a corporation with a principal place of business "outside of Pennsylvania." (Compl. ¶ 3.) However, the complaint does not allege that plaintiff is domiciled in Pennsylvania or allege where Keefe Group is incorporated so as to establish that the parties are completely diverse for purposes of § 1332. *See Gray v. Peruto*, 481 F. App'x 716, 717 (3d Cir. 2012) (per curiam) (plaintiff failed to establish that parties were diverse where "his complaint and supporting exhibits refer[red] solely to residency and contacts within Pennsylvania"); *Mierzwa v. Safe & Secure Self Storage, LLC*, 493 F. App'x 273, 275 n.1 & 277 (3d Cir. 2012) (per curiam) (no jurisdiction under § 1332 when plaintiff only provided his residence and corporate defendants' principal business address or address of corporate headquarters).

The complaint also fails to establish that the amount in controversy exceeds the jurisdictional threshold. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). However, "estimations of the amounts recoverable must be realistic." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004) The complaint alleges that plaintiff lost "several thousands of dollars over the years" as a result of the defendant's conduct. (Compl. ¶ 16.) That allegation does not establish a basis for diversity jurisdiction here, especially in light of the fact that plaintiff is challenging a $1.00 fee to access the commissary and what appears to be an overcharge of approximately $55.00 per week in commissary items.[2]

    3.    Plaintiff may file an amended complaint within thirty (30) days of the date of this

---

[2] Plaintiff alleges that he was charged $85.00 for commissary items that other prisoners could get for $30.00. (*See* Compl. ¶ 12.)

order in the event he can articulate a basis for the Court's jurisdiction over his claims. Any amended complaint shall be a complete document that does not rely on plaintiff's initial complaint to state a claim and that clearly states the basis for this Court's jurisdiction. Alternatively, plaintiff may proceed with his claims in state court. If plaintiff files an amended complaint, the Clerk of Court shall not make service until so ORDERED. If plaintiff fails to file an amended complaint, this case may be dismissed for failure to prosecute.

**BY THE COURT:**

_____
**LAWRENCE F. STENGEL, J.**